**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Johnny Arthur McDONALD,**
**Defendant–Appellant.**

**No. 11–41149**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 3, 2012.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Derek Michael Harkrider, Attorney, Harkrider Law Firm, P.C., Edinburg, TX, for Defendant–Appellant.

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Johnny Arthur McDonald was convicted of one count of possessing 67.15 kilograms of cocaine with intent to distribute and was sentenced to serve 63 months in prison and a three-year term of supervised release. In this appeal, he raises several challenges to the district court's denial of his motion to suppress. We review a district court's factual findings on a motion to suppress for clear error and its legal conclusions de novo. *United States v. Zavala*, 541 F.3d 562, 573–74 (5th Cir.2008).

McDonald challenges the traffic stop that led to his arrest, arguing both that it was not grounded in reasonable suspicion and also that it was too long. The Government avers that these arguments are foreclosed by the law of the case doctrine because they have already been raised on appeal by McDonald's codefendant and rejected by this court. We have not issued a binding opinion deciding whether disposition of an issue on appeal is the law of the case in a non-consolidated appeal by a codefendant, and, we decline to do so here because an additional hearing was held pertaining to McDonald's suppression motion two years after his codefendant's appeal had concluded.

Insofar as he challenges the stop, McDonald argues only that his codefendant's driving on the shoulder of the road did not give officers reasonable suspicion to support the stop. He does not brief, and has thus waived, the issue of the propriety of the district court's alternate determination that reasonable suspicion came from the information known to officers as a result of surveillance. *See United States v. Brous-*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*sard,* 669 F.3d 537, 552 n. 10 (5th Cir. 2012).

McDonald's contention that the detention lasted too long is unavailing. In determining whether reasonable suspicion existed to justify a continued detention, this court looks "at the totality of the circumstances and consider[s] the collective knowledge and experience of the officers involved." *United States v. Jones,* 234 F.3d 234, 241 (5th Cir.2000). The facts known to officers when the traffic stop occurred, combined with the facts learned by officers while they were waiting for a records check on McDonald and his codefendant to be completed, provided reasonable suspicion to justify the challenged detention. *See id.* These facts, when combined with the discovery of the cocaine, likewise provided probable cause to believe that McDonald had committed a drug offense and thus justified McDonald's arrest. *See United States v. Hearn,* 563 F.3d 95, 103 (5th Cir.2009). McDonald has not shown error in connection with the district court's rejection of his arguments concerning the stop and his arrest.

Next, McDonald contends that his custodial statements should have been suppressed, and his argument on this issue focuses wholly on the delay between his arrest and presentment to a magistrate judge. This emphasis is misplaced because this court considers the totality of the circumstances when considering whether a delay in presentment renders a confession inadmissible. *See United States v. Cantu–Ramirez,* 669 F.3d 619, 626 (5th Cir.2012). Our review of the record reveals nothing to show that "the delay was for the purpose of obtaining a confession," nor does this review result in the conclusion "that the delay had a coercive effect." *See Cantu–Ramirez,* 669 F.3d at 626; *United States v. Martin,* 431 F.3d 846, 849 (5th Cir.2005). To the contrary, the record evidence supports the conclusion that the disputed statements were voluntary and thus shows that the district court did not err by rejecting this claim. *See Cantu–Ramirez,* 669 F.3d at 626; *Martin,* 431 F.3d at 849.

Finally, McDonald argues that the Government failed to show that he was apprised of his rights under *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and waived them before speaking with officers. The record evidence shows no clear error in connection with the district court's rejection of this claim. *See United States v. Oliver,* 630 F.3d 397, 409, *cert. denied,* —— U.S. ——, 132 S.Ct. 758, 181 L.Ed.2d 490 (2011).

AFFIRMED.